*Western District*

## No. 161

## EUGENE B. BERMAN, Assignee

### v.

## TYBURSKI ELECTRIC CO., INC.

Argued: Aug. 18, 1975. Decided: Feb. 10, 1976.

Case tried to *Walsh, J.,* in the District Court of Springfield. Number 224278.

Present: Gould, P.J.; Constantino, Cimini, J.J.

**Cimini, J.** This is an action of contract by the assignee for the benefit of the creditors of Morton Electrical Supply Co., Inc. (Morton). The declaration is on an account annexed for balance due for electrical supplies and related items delivered from August 29, 1970 through August 26, 1971 in the amount of $3527.33. The answer included a general denial, claim of payment, failure of consideration, and claim that the plaintiff breached the agreement alleged in the declaration. The defendant made a special demand for proof that the plaintiff was the duly constituted, authorized and validly acting assignee for the benefit of creditors of Morton. Defendant also filed a declaration in set-off.

The court found for the plaintiff in the amount of $3527.33. At the trial, Harold Resnic, President of Morton, testified that:

> He made an assignment for the benefit of creditors in August of 1971 and the assignment form in evidence has his signature and the corporate seal. The defendant was a customer of Morton,

and the goods in question were sold to Ewald Tyburski and not to a corporation and Ewald ordered the goods. The invoices mailed to Tyburski show a balance owing of $3527.33 as of August 31, 1971, and the charges made on the invoices were fair and reasonable. He did not receive any communications from the defendant regarding defective equipment although he may have been asked to repair or replace it.

Ewald Tyburski was called by the plaintiff and testified:

He was the principal officer of the defendant corporation. Some of the equipment he purchased from Morton and for which the plaintiff was suing, was defective and that he did not owe the plaintiff anything. He did not notify Morton thereof, because when he discovered the equipment was defective Morton had already gone out of business; he did notify the plaintiff's office of the alleged defects. The ballasts which he purchased from Morton were defective, went bad and had to be replaced, and he had to send employees to do so.

He testified on cross-examination that:

About 85 ballasts at $12.00 each had to be replaced at a job at Box Makers in Westfield and the cost of labor for doing so was about $1,120. Six panels at $15.00 each, purchased from the said Morton went bad and he had to spend $480.00 for labor to replace them. About 100 breakers so purchased at $8.00 each went bad and the cost of labor to replace them was $580. About 15 fan motors so purchased for an apartment project at Morgan Street costing $9.00 each were defective and had to be replaced, and the labor cost about $192.00 and the total cost of materials and cost of replacement of the said defective materials exceeded the amount of the plaintiff's bills.

On redirect examination he testified that:

He had purchased some of the merchandise for his stock, and he stored them. They had not gone bad during the time that they were in his possession, and he did not keep exact records of his time involved, or the labor, nor did he make a special record each time an item purchased from Morton went bad.

At the close of evidence and before final arguments, defendant made the following requests for rulings of law:

1. The evidence warrants a finding for the defendant.

2. The evidence warrants a finding for the defendant on his declaration of set-off.

3. The evidence is insufficient to warrant a finding for the plaintiff.

4. As the plaintiff has failed to sustain its burden of proof that the goods and materials sold to the defendant were ordered and were merchantable, it cannot recover.

4A. The evidence is insufficient to warrant a finding for the plaintiff for the amount alleged in this declaration.

5. If the goods and materials sold to the defendant, which are the subject of this action, were defective so that the defendant was caused damages as a result thereof, the defendant is entitled to recoup said damages in this case.

6. The evidence warrants a finding that plaintiff has not sustained the burden of proving that the goods and materials sold to the defendant by the plaintiff's assignee were merchantable and free of

defects and the goods and materials which were ordered by the defendant.

7. Plaintiff has failed to establish that his assignee fully performed the contracts on which its cause of action is based and cannot therefore recover.

8. The evidence requires a finding that at least a portion of the plaintiff's claim is barred by the statute of limitations.

9. The evidence is insufficient to warrant a finding that the plaintiff is the duly qualified and acting assignee for the benefit of creditors of Morton Electrical Supply Company, Inc.

10. The evidence warrants a finding for the defendant on its declaration in Set-Off, regarding Morton Electrical Supply Co., Inc.

11. The evidence is insufficient to warrant a finding that the plaintiff has the legal right to sue the defendant on the claim of Morton Electrical Supply Co., Inc.

12. The evidence is insufficient to warrant a finding that the plaintiff is the duly authorized assignor of the claim of Morton Electrical Supply Co., Inc.

13. As the plaintiff's claim is based on a contract for goods sold and delivered and it has not established what goods were sold or delivered to the defendant, it cannot prevail in this case.

14. As the plaintiff has not established by the fair preponderance of the evidence that the goods which it allegedly sold to the defendant were of merchantable quality, or what was ordered by the defendant, it cannot prevail in this case.

The court disposed of defendant's requests for rulings as follows: Nos. 1, 2, and 10 are allowed: Nos. 3, 4, 4A, 7, 8, 9, 11, 12, 13 and 14 are denied: No. 5 is denied as I find the materials were not defective: No. 6 is denied as requesting multiple findings of fact, which facts I do not so find.

The court found the following facts:

> This is an action of contract for goods sold and delivered brought by the assignee for the benefit of creditors of an electrical supply company against an electrical contractor.

> After hearing all the evidence, I find the following facts. The goods were ordered from the plaintiff's assignor and were received by and billed to the defendant. The goods in question were not defective or unmerchantable and the defendant never made such claim against the plaintiff or its assignor. I also find the charges made for the articles sold and delivered were fair and reasonable.

The defendant claims to be aggrieved by the court's denying its requests for rulings of law, Nos. 3, 4, 4A, 7, 8, 9, 11, 12, 13 and 14, and by its findings and rulings.

The trial court was correct in its denial of the defendant's requests for rulings of law.

The trial court made specific findings of fact in which it stated:

1. The goods were ordered from the plaintiff's assignor.

2. Said goods were billed to and received by the defendant.

3. The goods in question were not defective or otherwise "unmerchantable" and the defendant never made such claim against the plaintiff or its assignor.

4. The charges made for the articles sold and delivered were fair and reasonable.

█ A review of the testimony indicates that the trial court had sufficient evidence on which to make its findings of fact.

█ The general finding of a trial justice imports findings of all subsidiary facts and drawing of all permissible inferences to support it.

█ The trial justice is the finder of facts and when he makes specific findings of facts, requests for rulings, predicated upon facts other than those found, become immaterial.

█ Appellate review is ordinarily limited to questions of law. There can be no such review of a question of fact or discretion. *MacDonald v. Adamian,* 294 Mass. 187, 190. *Dolham v. Peterson,* 297 Mass. 479, 481. *Perry v. Hanover,* 314 Mass. 167, 169.

There being no prejudicial error, the **report is dismissed.**