*Western District*

# No. 190

## MARILYN A. BOGUE
### v.
## IMPORTED AUTO SALES AND SERVICE OF DEDHAM, INC.

Argued: Oct. 18, 1976. Decided: Feb. 10, 1977.

Case tried to *Ryan, J.,* in the District Court of Hamp-Shire. No. 15448.

Present: Gould, P. J.; Cimini, Walsh, J.J.

Counsel for plaintiff: David R. Kaplan.

**Walsh, J.** This is an appeal from the denial of a motion for relief from judgment under Rule 60 (b) of the Dist./Mun. Cts. R. Civ. P.[1] The action is one of contract for breaches of express and implied warranties in connection with the sale of a used 1970 Volkswagen Squareback Wagon from the defendant to the plaintiff resulting in the revocation of her acceptance of said vehicle.

The answer is a general denial, contributory negligence, violation of law and statute of limitations.

After proper notification was given, this case was placed on a trial list in May of 1975. Defendant and its counsel failed to appear and a default was entered. This was later removed after a motion was filed and costs were assessed and paid. Defendant's counsel then withdrew his appearance. After notice to defendant on October 22, 1975 the case was again placed on a trial list for November 24, 1975 and again defendant failed to appear. The docket shows the following entries: "On List. Defendant defaulted. Hearing held

---

[1] (b) Mistake; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have pros-

on assessment of damages. Exhibits, Justice's notes filed. Taken under advisement." The following day a finding for the plaintiff was entered.

On December 31, 1975 the motion in issue was filed in which it was claimed that after the defendant received the trial notice for November 24, 1975 it retained counsel to defend the action or obtain a continuance. This counsel never filed an appearance and allegedly never notified defendant the case would proceed to trial. Present counsel also filed an affidavit in which he states the defendant paid the non-appearing counsel a retainer and attached a copy of a check, that he also spoke to his attorney who claimed he called the clerk's office at the court, spoke with a female assistant clerk whose name he did not know and continued the case. This attorney admitted he did not attempt to contact the plaintiff about the continuance or write a letter to the plaintiff or the court to request a continuance.

There is no supporting affidavit filed by this attorney that he was ever retained by the defendant or that he ever called the clerk's office for a continuance. The

---

pective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court. Writs of review, of error, of audita querela, and petitions to vacate judgment are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

justice found that the records of the court show no such telephone call was received and there was never any appearance for the defendant by his attorney in the case.

After hearing on January 26, 1976 the motion for relief from judgment was denied by the court without hearing oral argument by counsel, the court stating that the defendant should seek his remedy against the attorney who failed to obtain a continuance of the case when it was last scheduled for trial.

A motion under Rule 60 is addressed to the trial justice's sound judicial discretion, and is generally not reviewable except for a clear abuse of that discretion. *Schulz v. Black,* —— Mass. —— (1975).[2] *Trustees of the Stigmatine's Fathers, Inc. v. Secretary of Admn. & Fin.* —— Mass. —— 1976).[3] *Farmer's Co-operative Elevator Ass'n Non-Stock of Big Springs, Neb. v. Strand* —— 382 F 2d 224, 232 (8th Cir.), cert. denied 389 U. S., 1014 (1967).

The trial justice, in the exercise of his discretion, allowed the prior motion to remove the default for failure to appear for trial. We feel that this denial of this motion was not an abuse of discretion.

**The report is ordered dismissed.**

---

[2] Mass. Adv. Sh. (1975) 3136.

[3] Mass. Adv. Sh. (1976) 209, 212-213.