William T. Walsh, J.
Allan McGuane, J.
Bernard Lenhoff J.

This certifies that this is the opinion of the Appellate Division in this cause.

James J. Harrington
Assist. Clerk

Perry LUKE and Lois LUKE
V.
Angelo PETROSINO and
Lillian PETROSINO

No. 8634

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

June 17, 1981

Jordan L. Shapiro, Esq., counsel for plaintiff

Andrew E. Bram, Esq., counsel for defendant

## OPINION

BANKS, J. This is an action in contract brought by the plaintiff arising out of an agreement under which the defendant was to construct a house for the plaintiff. The defendant duly filed answer and counterclaim and the matter was placed upon the trial list for September 22, 1978 at the Fourth District Court of Eastern Middlesex at Woburn.

Neither party appearing at the call of the list on that date, the court dismissed the case. On May 21, 1979 the plaintiff filed a motion to revoke the order of dismissal and to restore to the trial list. From that denial of the motion the plaintiff has appealed to this division. The motion in question was brought under Rule 60(b)(1) of the District Court/Municipal Court Rules of Civil Procedure which provides:

"On motion and upon such terms as are just, the Court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . ."

Ordinarily, as plaintiff/appellant concedes, there can be no review of questions of discretion, as raised by a motion under Rule 60(b) **Berman v. Tyboski Electric Co., Inc.** 57 Mass. App. Dec. 189, 195. The sole question before this Division for review is whether the action of the court constituted a clear abuse of discretion. **Bogue v. Imported Auto Sales and Service of Dedham, Inc.** 59 Mass. App. Sec. 124, 127. The standard for defining abuse of discretion has been set forth in **LaPorte v. Royal Globe Indemnity Company**, 56 Mass. App. Dec. 22, 27 as "(Consisting) of judicial action that no conscientious judge, acting intelligently, could honestly have taken" (Citing **Bartley v. Phillips**, 317 Mass 35, 43-44).

Plaintiff/appellant based his argument for relief at the hearing on the motion primarily upon the affidavit of his attorney at the time of the dismissal. By that affidavit that attorney asserted that he and the attorney for the defendant had agreed that they would seek continuance of the trial date from September 22, 1978 to a later date. The affidavit asserted that he made a telephone call to the clerk's office and spoke to a female clerk handling the civil trial list for September 22; "(I informed her of the problem and the agreement with (defendant's attorney). She told me that one of the attorneys should appear before the court; I told her both attorneys could not attend to request the continuance; I was told that, where it was requested by mutual agreement of counsel, it did not seem to present any problem and she would call me back if there was a problem. I was not called back by her . . ." The affidavit continues by accounting for the lapse of

time between dismissal of the action and the filing of the motion (approximately six months) as attributable to the notice of dismissal having been deposited by a U.S. Postal Service employee in a disused "blind" mail slot of that attorney and not being discovered until just prior to the filing of the motion.

Plaintiff/appellant argued below and urges upon this division now that the factual situation, as set forth in the affidavit raises questions of mistake, inadvertence and/or neglect not attributable to plaintiff which would warrant relief under the principles set forth in **Berke v. McKesson, Wine & Spirits Co.,** 1979 App. Ct. Adv. Sh. 742, 388 N. E. 2nd 309.

Relief is not required in this case. The determination complained of was made by a judge of the court in question who by reason of having heard earlier motions in the matter can be considered to have been sufficiently familiar with the merits of the case to determine that the absence of a hearing would not rise to the level of a miscarriage of justice, **Corey v. Green,** 55 Mass. App. Dec. 1, 2 (1974). Moreover, as a justice of that court, the judge was particularly well-equipped to be aware of the practices in that court regarding the granting of continuances and also to evaluate the worthiness of the excuses set forth in the affidavit.

We can discern no abuse of discretion in this matter. Report dismissed.

**Elliott T. Cowdrey, P. Justice**
**John P. Forte, Justice**
**Richard L. Banks, Justice**