JOYCE JABAILY *vs.* PETER CULLEN. August 24, 1984. *Practice, Civil,* Relief from judgment, Judicial discretion. *Judgment,* Default.

The defendant was convicted on October 24, 1978, of raping the plaintiff, who on May 13, 1981, brought this action for physical injuries, emotional

distress, medical expenses, and lost pay. Extensive efforts to make service on the defendant were unsuccessful (the circumstances of those efforts suggesting that the defendant may have been evading service), and in July service was authorized to be made by publication. The defendant was defaulted on September 2, 1981, and on December 16, 1981, after an evidentiary hearing on the assessment of damages, a judgment was entered for the plaintiff in the amount of $550,651, plus interest. Six months later the defendant filed a motion to vacate judgment, supported by an affidavit to the following effect: that he had first learned of the action in July, 1981, through neighbors who had seen the newspaper notices; that he had consulted an attorney, who promised to file an appearance for him despite his inability at that time to advance a retainer; that he had later learned through the newspapers about the assessment of damages against him and had again talked with the attorney, who assured him that he would immediately act to vacate the judgment; and that his inability thereafter to get the attorney to return his calls had led to his consulting present counsel. Incorporated by reference in the affidavit was an unsigned document in which the defendant acknowledged his criminal conviction, stated that he "still maintain[s] [his] innocence," and asserted that the plaintiff's claims did not merit an award of over half a million dollars. The trial judge denied the motion to vacate judgment but allowed, in part, a motion for relief from judgment by reducing the award of damages to $100,000, the amount of the demand as originally stated in the complaint. (The judge had allowed a motion to increase the demand at the hearing on the assessment of damages.) The defendant appeals from the ensuing judgment for $100,000 plus interest, arguing that it was error for the judge to decline to vacate the earlier judgment in its entirety.

1. For purposes of decision we assume that, under the rule of *Farley* v. *Sprague,* 374 Mass. 419, 423-426 (1978), the judge was required to accept the veracity of the defendant's assertion that his first counsel had undertaken to defend the claim and had failed to do so. It does not follow, in these circumstances, that *Berube* v. *McKesson Wine & Spirits Co.,* 7 Mass. App. Ct. 426, 431 & n.10 (1979), mandates relief. Prior Massachusetts law had tended to discourage relief from judgments based upon attorneys' neglect. "[A]s a general rule, . . . review should not be granted when the petitioner's only cause of complaint grows out of the negligence or misconduct of his attorney, but he should be left to seek his remedy against him who is responsible for the wrong. Any other rule would tend to fraud and to laxity of practice. . . . " *Sylvester* v. *Hubley,* 157 Mass. 306, 308 (1892). "Commonly . . . [relief from judgment] ought not to be granted when the petitioner's cause of complaint grows out of the negligence or misconduct of his attorney . . . . " *Kravetz* v. *Lipofsky,* 294 Mass. 80, 83 (1936). See *Hackney* v. *Butler,* 339 Mass. 605, 608-609 (1959) (reversing trial judge's orders vacating judgment to relieve party of consequences of his counsel's negligence); *Mede* v. *Colbert,* 342 Mass. 166, 169 (1961)

(same). The import of n.10 of the *Berube* case, *supra* ("A categorical application of such a philosophy, far from reducing trial congestion, will probably increase it by replacing the dismissal action with a new action for malpractice. As a result several circuits have approached the entire problem of granting relief from judgments with a liberal attitude"), is that Federal practice under Fed.R.Civ.P. 60(b) (1) does not preclude a judge from allowing relief from judgment predicated on counsel's fault; but the *Berube* opinion also emphasizes that the matter is discretionary with the judge (7 Mass. App. Ct. at 429) and that his exercise of that discretion will normally be sustained on appeal (*id.* at 435). The *Berube* opinion has been so applied by this court, as, e.g., in *Chiu-Kun Woo* v. *Moy,* 17 Mass. App. Ct. 949 (1983). Here, the judge, in exercising his discretion, could properly have taken into consideration the delay of six months (after notice of judgment) in filing the motion for relief (see *Berube* at 430); the fact that the defendant made scant effort to show a meritorious defense (other than the conclusory statement about "maintain[ing] my innocence"); the singular circumstance that the defendant had had "his day in court" (albeit in a criminal proceeding), where the essential facts underlying liability were determined adversely to him under a higher standard of proof;[1] and, of course, the fact that the defendant would not be remediless if the facts alleged against his first attorney should prove true. We thus have no basis for concluding that the judge abused his discretion. Unlike *Feeney* v. *Abdelahad,* 6 Mass. App. Ct. 849 (1978), there is no suggestion that the evidence at the hearing on the assessment of damages did not fully warrant the judgment; and, unlike that case, the result can scarcely be regarded as harsh where, due to the technicality discussed below, the damage award finally entered amounts to less than one fifth of the damages found by the judge to have been suffered by the plaintiff.

2. Under Mass.R.Civ.P. 54(c), 365 Mass. 821 (1974), a judgment by default cannot exceed in amount that prayed for in the demand for judgment. The larger judgment was not void in its entirety, however, but was susceptible of correction in the manner ordered by the judge. Examples include *Fong* v. *United States,* 300 F.2d 400, 412-414 (9th Cir. 1962); *Becker* v. *S.P.V. Constr. Co.,* 27 Cal. 3d 489, 493-495 (1980); *Kawasaki Kisen Kaisha, Ltd.* v. *Indomar, Ltd.,* 173 Conn. 269 (1977); *Columbia Valley Credit Exchange, Inc.* v. *Lampson,* 12 Wash. App. 952, 954-957 (1975).

The judgment of September 23, 1982, is affirmed.

*So ordered.*

*Ralph C. Copeland* for the defendant.
*Patricia A. Kennelly* for the plaintiff.

---

[1] See *Commonwealth* v. *Cullen,* 8 Mass. App. Ct. 910 (1979).