McGuane, J.
This was an action for personal injuries sustained by plaintiff Theodore A DeCosmo as a result of a motor vehicle accident April 8,1986.
The only issue raised by the defendant in his report is the issue concerning medical bills allowed into evidence.
During the trial on April 20,1989, the plaintiff offered certain medical bills into evidence and upon the objection of defendant, the bills not being signed under the pains and penalties of perjury, the court upheld defendant’s objection. The court, however, continued the trial to May 2,1989, for the purpose of allowing the plaintiff to authenticate the medical bills.
The court found that the plaintiff hand delivered copies of the bills properly authenticated to the defendant on April 26,1989 and subsequently allowed the bills in evidence on May 2,1989.
The defendant in his claim of report argues that the trial judge had no discretion to continue the trial in order for the plaintiff to authenticate the disputed medical bills. The trial judge made no prejudicial error.
It is axiomatic that the whole purpose of our judicial system is to try as best as we humanly can to administer justice. This over-riding precept should govern our attitude towards every litigant before us. The rules of evidence and rules of procedure are only guides for us to use in serving the ends of justice.
The court is this case could have found that notice under the statute was given on April 6,1989 to the defendant’s counsel, that the bills were offered on April 20,1989 and that because they were not attested under the pains and penalties of peijury the court continued the trial to May 2,1989 in order to let the plaintiff properly authenticate the bills. The defendant was neither surprised, nor prejudiced by the action of the trial judge.
The trial judge did not abuse her discretion. The continuance and trial of cases is directly in the discretion of the trial judge and will not be overturned on review unless there is shown a clear abuse of discretion.
The general standard for an abuse of discretion may be found only by deciding “that no conscientious judge, acting intelligently, could honestly have taken,” the view expressed by him or her. Bartley v. Phillips, 317 Mass. 35, 43-44 (1944).
*141 An exercise of judicial discretion is not ordinarily reviewable on appeal. Luke v. Petrosino, 1981 Mass. App. Div. 128; Deely v. Boston Redevelop. Auth., 1980 Mass App. Div. 101, 104.
The defendant in his claim of report makes no showing of any such abuse of discretion and the report is dismissed.