Forte, J.
This is an appeal by the defendants of the denial of their Dist./Mun. Cts. R. Civ. R, Rule 60(b) (1) motion for relief from a default judgment.
The action is in contract for breach by the corporate defendant, Big Mac’s Packing, Inc. (“Big Mac’s”), of its three year lease of commercial premises owned by the plaintiff. The plaintiff sought damages against Big Mac’s for unpaid rent and utility charges pursuant to the lease, unpaid entry fees for the use of a rail car siding under a separate agreement, improper tying into the plaintiff’s electrical service, and damage to the property. The plaintiff also sought recovery for the same damages against the individual defendant, John MacDonnell (“MacDonnell”), as the president and incorporator of Big Mac’s.
The action was commenced on February 23,1993, and service on MacDonnell was returned in March, 1993. On April 8, 1993, the plaintiff requested a Dist./ Mun. Cts. R. Civ. R, Rule 55(a) default against both defendants. Although no default was actually entered, an April 26,1993 docket entry states: “default re Big Macs Packing deleted. Entered in error.” On the same date, the court allowed the plaintiff’s motion for an “Order of Notice” to Big Mac’s, and Big Mac’s received such Order of Notice from the Secretary of State on May 14,1993.
On June 17, 1993, the plaintiff requested both a Rule 55(a) default and a Rule 55(b) default judgment. Damages were assessed by the court on July 22,1993, and judgment was entered for the plaintiff in the amount of $53,878.58. No execution has issued.
Two months later, on September 27, 1993, the defendants filed a Dist./Mun. Cts. R. Civ. R, Rule 60(b) (1) motion for relief from judgment supported by the affidavits of MacDonnell and the defendants’ former attorney. MacDonnell averred, inter alia, that after receiving the summons and complaint in February, 1993, he turned the documents over to his then attorney; that said attorney never indicated that he would not file an answer, nor ever advised MacDonnell that he should get other counsel; and that when MacDonnell received additional case papers in August, 1993, he consulted new legal counsel who informed him that he and Big Mac’s had been defaulted.
The defendants’ former attorney averred that he had been representing Mac-Donnell for more than two years, and had assisted him both in forming the Big Mac’s corporation and in negotiating Big Mac’s lease with the plaintiff. The attorney further averred that MacDonnell brought summonses and case papers for sev *111 eral lawsuits to him in February, 1993, that he did not file a responsive pleading for the defendants in any of these cases, that his professional relationship and communication with the defendants deteriorated to the point that by the spring of 1983, he could no longer provide effective legal representation, and that he was requested to return all case files to MacDonnell in August, 1993. One month later, the defendants’ Rule 60 motion was filed by new counsel.
1. Rule 60(b) of the Dist./Mun. Cts. R. Civ. P. “is remedial in character and subject to a liberal interpretation.” Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 429 (1979). A motion for relief from judgment pursuant to the Rule is addressed to the sound, but not unlimited, discretion of the trial judge which is to be exercised in furtherance of the established judicial “objective that legal procedure becomes the vehicle for determination of the issues upon their merits instead of upon refinements of procedure.” Id. at 429. The ultimate disposition of a Rule 60 (b) motion must reflect the trial judge’s careful, equitable balancing of “the competing claims of fairness to the litigants and case-flow efficiency presented by such a motion.” Scannell v. Ed. Ferreirinha & Irmao, Lda., 401 Mass. 155, 158 (1987).
2. The defendants correctly contend that they have in fact fully satisfied all of the criteria customarily utilized in assessing a claim for Rule 60(b) (1) relief from judgment on the grounds of excusable neglect. See Berube v. McKesson Wine & Spirits Co., supra at 430-431.[2] The defendants acted expeditiously in filing their Rule 60(b) motion only two months after the entry of the default judgment. See Bushnell v. Bushnell, 393 Mass. 462, 474 n. 25 (1984). The failure of their former counsel to file an answer on their behalf clearly constituted inaction which occurred before trial. Further, there is no evidence that such inaction was intentional or formed part of any deliberate strategy. The trial judge was in fact required to accept as true the uncontroverted averments, Farley v. Sprague, 374 Mass. 419, 424 (1978), of both MacDonnell and his former counsel as to the reasons for and circumstances surrounding the latter’s neglect in filing an answer for his clients.
Further, the record is devoid of any indication that the plaintiff would be prejudiced by the granting of Rule 60(b) relief in this case. No execution has ever been issued. The plaintiff has obtained measurable security for the payment of any damages awarded after trial by its attachment of the defendants’ real estate and trustee process on the defendants’ bank account. Moreover, there has been no actual delay in proceeding to trial in this matter as the defendants’ Rule 60(b) motion was filed two months before the plaintiff would have been permitted even to request a date for trial. See District Court Standing Order 1-88. Under such circumstances, a concern for caseflow management, which is ordinarily an appropriate Rule 60(b) factor, see generally New England Allbank for Savings v. Rouleau, 28 Mass. App. Ct. 135, 144 (1989), could not alone have justified a denial of relief from judgment herein.
Of even greater significance for Rule 60(b) purposes are the defendants’ uncon-troverted assertions of meritorious defenses to all of the claims advanced by the plaintiff. The plaintiff’s complaint alleges that MacDonnell executed the commercial lease on behalf of Big Mac’s prior to the latter’s incorporation, and that Mac-Donnell is thus liable for all claims against Big Mac’s as its promoter, it is established in this Commonwealth, however, that
*112 a promoter may be personally liable for breach of a pre-incorporation contract he makes on behalf of the nonexistent corporation unless the circumstances demonstrate that the other party looked only to the corporation for performance. Mansfield v. Lang, 293 Mass. 386, 390-391 (1936); ... Reuter v. Ballard, 267 Mass. 557, 562 (1929).
Productora e Importadora de Papel S.A de C.V. v. Fleming, 376 Mass. 826, 836 (1978). The defendants’ supporting affidavits indicate that the plaintiff in fact “looked only to the corporation for performance.” The affidavits indicate that the plaintiff requested MacDonnell to “personally guarantee the lease.” When Mac-Donnell refused, the plaintiff proceeded to enter into the lease exclusively with Big Mac’s and to accept only the corporate signature thereon.
As to the plaintiff’s claims against Big Mac’s, the defendants averred, inter alia, that the separate agreement for railroad siding fees alleged by the plaintiff never existed; that the plaintiff had refused both to permit the defendants’ to examine utility meter readings and to provide an accounting for the electrical services it claims were unpaid and for which Big Mac’s was instead possibly overcharged; and that Big Mac’s had been constructively evicted by the plaintiff who had maintained the area in a general state of filth and decay and had continuously blocked Big Mac’s access and that of its customers to the commercial premises. In short, the defendants’ factually detailed averments, which were wholly uncontroverted by the plaintiff, amply demonstrated the existence of numerous defenses and counterclaims which were more than “worthy of judicial investigation.” Russell v. Foley, 278 Mass. 145, 148 (1932).
Finally, the neglect in question was unquestionably that of the defendants’ former counsel, and courts are properly “reluctant to attribute to the parties the errors of their legal representatives.” Barber v. Tuberville, 218 F.2d 34, 36 (D.C.Cir.1954). See also, Wilkinson v. Guarino, 19 Mass. App. Ct. 1021, 1023 (1985); Mullen Lumber Co. v. F. P. Assoc., Inc., 11 Mass. App. Ct. 1018, 1019 (1981). The present matter is easily distinguished from those cases of attorney neglect or error in which Rule 60(b) relief was denied because of the absence of any showing of a meritorious defense, Jabaily v. Cullen, 18 Mass. App. Ct. 943, 945 (1984); undue delay in moving to vacate judgment, Id. at 945; Elimos v. Mitrano, 17 Mass. App. Ct. 1004 (1984); a pattern of dilatory conduct inimical to the efficient administration of justice, New England Allbank for Savings v. Rouleau, supra at 144; or even a failure to substantiate by affidavit that the error was that of counsel. Bogue v. Imported Auto Sales & Serv. of Dedham, Inc., 59 Mass. App. Dec. 124, 126-127 (1977).
3. It is clear, therefore, that the circumstances of this case, the liberal construction to be accorded Rule 60(b) (1) and the established judicial preference for trials on the merits, particularly where the amount of damages is not insignificant, P.C.M., Inc. v. Cambridge Motor Inn, Inc., 1978 Mass. App. Div. 238, 248-249, all strongly militated against any refusal to grant Rule 60(b) (1) relief from the default judgment herein. Although a Rule 60(b) (1) motion is addressed to the discretion of the trial judge, some objective, rational basis for the denial of such a motion must appear directly in or inferentially from the record. See generally, Howe v. Health Facilities Appeals Board, 20 Mass. App. Ct. 531, 534 (1985) (discretion).
On the basis of the foregoing, the court’s denial of the defendants’ Rule 60(b) (1) motion is reversed, the default judgment entered against the defendants is vacated, and this action is returned to the Malden Division for trial.
So ordered.

The criteria includes: “(1) whether the offending party has acted promptly after entry of judgment to assert his claim for relief therefrom; (2) whether there is a showing either by way of affidavit, or otherwise apparent on the record, that the claim sought to be revived has merit; (3) whether the neglectful conduct occurs before trial, as opposed to during, or after trial; (4) whether the neglect was the product of a consciously chosen course of conduct on the part of counsel; (5) whether prejudice has resulted to the other party; and (6) whether the error is chargeable to the party’s legal representative, rather than to the party himself.... “