Belford, J.
This is an action to recover $11,120 that was obtained by the plaintiff in partial satisfaction of a judgment in her favor in the amount of $31,500 that was offset by a judgment of an equal amount rendered by a counterclaim to the original action.
The matter is before this division on the plaintiffs, Hazel Honer, appeal from the Wrentham District Court’s holding in favor of the defendant, Sandra J. Wisniewski, in a motion for the return of $11,120.
We find no error.
This action arose out of funds that Ms. Honer loaned her daughter, Ms. Wis-niewski, for improvements to her home and for other reasons of a personal nature. Per the agreement of the parties, Ms. Honer moved into the home and resided there for a period of approximately five years in exchange for the money that had been given for the renovations and her payment of the utilities for the property. Ms. Wisniewski informed Ms. Honer that she would have to vacate the property upon Ms. Wisniewski’s decision to list the property for sale with a realtor.
On August 23, 1990, Ms. Honer filed an action in Wrentham District Court against Ms. Wisniewski claiming damages of $32,205.18. The District Court allowed the plaintiff’s motion to attach real estate and, subsequent to the sale of the property, Ms. Honer obtained $10,000 in escrow for release of the attachment. Ms. Wisniewski filed a counterclaim to recover the rental value of the property. The action was tried and judgments were entered for Ms. Honer for $31,500 and for Ms. Wisniewski for $31,500. Ms. Honer filed an appeal from the judgment against her. Ms. Wisniewski never appealed the judgment against her. On September 9,1994, the District Court allowed Ms. Honer’s Motion for Entry of Separate and Final Judgment. However, the Court ordered that no execution was to issue until Ms. Honer’s appeal was heard.
On February 2, 1995, the Decision and Order of the Appellate Court was filed, the Court having found and decided that there was no prejudicial error and the Report having been dismissed. Mr. Talabach, counsel for Ms. Honer, requested and received an execution from the Clerk’s office and levied on the escrowed funds. Ms. Wisniewski filed a Motion for Release of Escrow that was denied on March 7,1995, pursuant to the Court’s request for further pleadings and clarification. Ms. Wisniewski filed a second Motion for Relief from Judgment and for Equitable Relief. Upon approval of the second motion on November 29,1996, the Court ordered Mr. Talabach to return the amount of $11,120. Ms. Honer has brought this appeal.
*181 Extensive case law dictates that the granting of a Massachusetts Rules of Civil Procedure, Rule 60(b) motion is addressed to the trial judge’s judicial discretion and is generally not reviewable except for a clear abuse of discretion. Farmers Cooperative Elevator Association v. Strand, 382 F.2d 224 (8th Cir. 1968). M.R.C.P., Rule 60(b) provides in part as follows:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for any reason justifying relief from the operation of the judgment.
The plaintiff, citing Bowers v. Board of Appeals of Marshfield, 16 Mass. App. Ct. 29, contends that Rule 60(b) (6) is extremely meager in scope. In theBowers case, the Court’s interest was in avoiding the prolongation of litigation and granting finality to the non-moving party. However, a denial of the Rule 60 motion in the case at hand would not have been in the interest of finality.
The record indicates that the Trial Court wished for the original judgments to “wash each other out.” The Trial Court’s granting of the Rule 60 motion ordering the return of the escrowed funds permitted the result to be consistent with the original holding of the Court. In so holding, the Trial Court was exercising the discretion provided for in Rule 60. In reviewing the ancillary issues raised by the plaintiff, this Court must defer to the discretion of the Trial Court unless a clear abuse of discretion is found. Jabaily v. Cullen, 18 Mass. App. Ct. 943, 945. This Court finds no clear abuse of discretion in the Trial Court’s granting of the motion.
We find no error. The appeal is dismissed.