Crimmins, J.
This is an appeal from the denial of plaintiffs Mass. R. Civ. R, Rule 60(b) motion to vacate the dismissal of her claim.
The question raised in this appeal is whether the judge committed an abuse of discretion in disallowing the plaintiffs motion to vacate the dismissal. Luke v. Petrosino, 1981 Mass. App. Div. 128. There was no error.
The docket sheet indicates that the plaintiffs case was “Non-Suited” at trial on January 26, 1994. A notation following the entry reads “no motion to continue allowed (notice sent).” Plaintiffs motion to vacate the dismissal was filed on January 23, 1995.
Plaintiffs argument is based upon an affidavit from her attorney submitted in support of her motion. According to plaintiffs attorney it was agreed to among counsel that a continuance would be sought and that counsel for Consolidated Services Corp. (Consolidated) would appear at the call of the trial list and obtain a new trial date. Plaintiffs attorney also alleged that he was assured by counsel for the M.B.TA that the clerk’s office indicated that there would be no problem with obtaining the continuance because there was a full docket for that day. This practice of continuance, it is alleged, was not “extrordinary (sic) because th[e] case had been continued before using the same procedure.”
Plaintiff’s counsel, however, received a call on the morning of the call of the trial list from counsel for Consolidated who indicated that there “was a problem with the continuance and [he] should come right over to the court.” However, within ten minutes, according to plaintiff’s attorney, he received another call from same counsel and “understood her to say that there was not going to be a problem ...” and that there was no need for him to come to the courthouse.
With regards to the discovery of the dismissal, the affidavit states that plaintiff’s counsel was not notified by the court of the dismissal. He does indicate that he wrote to each of the defendants’ counsel, in May of 1994, and suggested new trial dates, but “received no response.” On January 20, 1995, after reviewing his records, he states that he called the Clerk’s office and was informed of the dismissal.
Placing aside the absence of any offer that the plaintiff’s claim is meritorious, Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 430 (1979), the attorney’s allegation that the manner in which the continuance was sought was not “extrordinary (sic) because th[e] case had been continued before using the same procedure” is contradicted by the docket sheet. The docket entries indicate that a prior trial date was continued only after the filing of a motion to continue prior to the scheduled trial date. Here, no motion was filed and the request occurred on the trial date itself. Moreover, assuming that plaintiff’s counsel did not receive the notice of dismissal sent by the clerk’s office, the plaintiff was on notice at least as *82 of May of 1994 that there was a problem and took no action until almost one year after the dismissal was entered. We cannot say that the motion judge followed a course of action that no conscientious judge, acting intelligently, could honestly have taken.” Bartley v. Phillips, 317 Mass. 35, 43 (1944).
The plaintiff’s appeal is dismissed.
So ordered.