Gershengorn, J.
This case arises out of an action by New England Phoenix Company, Inc., (“the plaintiff’) as an assignee of Barbara Buckley (“Buckley”) to reach and apply a debt owed to Buckley by Fort Pond Farms, LLC and B. David Delouiy, Jr. (“R&A defendants”).
On March 28, 2001, the plaintiff was awarded an $85,000 judgment by default in the Superior Cotut. The R&A defendants now seek to vacate the default judgment under Mass.R.Civ.P. 60(b)(4) and (6).
For the following reasons, the R&A defendants’ motion is DENIED.

FACTS

Buckley assigned a $65,000 debt owed to her by the R&A defendants to the plaintiff. The plaintiff filed a complaint in the Superior Court seeking the $65,000 and “any other monies owed” to Buckley by the R&A defendants.
On March 9, 2001, a default judgment was entered on behalf of the plaintiff against the R&A defendants. The plaintiff served the R&A defendants with its motion for assessment of damages in which the plaintiff stated that the R&A defendants owed $85,000 dollars rather than the $65,000 pled in the complaint. The R&A defendants failed to attend the hearing. The hearing judge awarded the plaintiff $85,000 in damages.
From May of2001 until August of2001, the plaintiff attempted to gain the judgment from the R&A defendants. The R&A defendants now move this Court to vacate the default judgment.

DISCUSSION

I. Mass. Rule Civ. P. 54(c)
The R&A defendants argue that the default judgment in the amount of $85,000 should be vacated under Mass.R.Civ.P. 54(c) because the plaintiff was awarded money in excess of that which was pled in the complaint. While the complaint clearly demanded $65,000, the plaintiff counters that the extra $20,000 was pled in the complaint as “any other monies owed” to Buckley from the R&A defendants.
Rule 54(c) states in pertinent part: “A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." The underlying theory of the rule is to insure that the defendant knows, based on the allegations of the complaint, what the defendant is admitting to. The defendant can thereafter make a rational decision to litigate the case or proceed directly to assessment of damages. See Marshall v. Stratus Pharmaceuticals, Inc., 51 Mass.App.Ct. 667, 674 (2001), citing Scannell v. Ed. Ferreirinha & Irmao, Lda., 401 Mass 155, 163 (1987). Furthermore, “. . . the party in the best position to protect against an inadequate damage award is the plaintiff himself. A plaintiff knows better than anyone the nature and extent of the injury. If new information arises, or the plaintiff finds that his original request was somehow inaccurate, he is free to amend his complaint upon a showing ‘that justice so requires.’ ” Scannell, supra at 164; quoting Mass.R.Civ.P. 15(a).
A judgment by default is subject to the limitations of Rule 54(c) but the larger judgment is not void in its entirety, it is merely susceptible to correction. See Buffum v. Town of Rockport, 36 Mass.App.Ct. 377, 382 (1994), citing Jabaily v. Cullen, 18 Mass.App.Ct. 943, 945 (1984).
II. Mass.R.Civ.P. 60(b)(4) and (6)
Rule 60(b)(4) allows for relief of void judgments. A court must vacate a void judgment, but it may not vacate a valid one. Mass.R.Civ.P. 60(b)(4). No discretion is granted by the rule. See Field v. Massachusetts General Hosp., 393 Mass. 117, 119 (1984). An erroneous judgment is not a void judgment. A judgment is only void if: (1) the court lacked subject matter jurisdiction over the dispute; (2) the court lacked personal jurisdiction over the parties; or (3) where the court acted in a manner inconsistent with due process of the law. See Reporters’ Notes to Mass.R.Civ.P. 60(b)(4). In the interest of finality the concept of void judgments is narrowly construed. See O’Dea v. J.A.L. Inc., 30 *54 Mass.App.Ct. 449, 455 (1991), citing Lubben v. Selective Serv. Sys., 453 F.2d 645, 649 (1st Cir. 1972).
The R&A defendants argue that because the default judgment awarded to the plaintiff was in excess of what was demanded in the complaint, the default judgment is void. The R&A defendants have incorrectly applied Rule 60(b)(4) to the case at bar. First, it is undisputed that the court had both subject matter and personal jurisdiction over the controversy and the parties in the instant case. Second, the court which entered the default judgment and took evidence during the assessment of damages did not act in a manner inconsistent with due process of the law. In fact, the R&A defendants had ample notice and opportunity to attend the hearing and proffer evidence to counter the plaintiffs demand for the extra $20,000. The record indicates that the R&A defendants have been less than diligent in their defense of this case, so much so that the plaintiff instituted a contempt action to prompt a response on the part of the R&A defendants. It is disingenuous for the R&A defendants to now argue that they have not been afforded process and notice by the plaintiff and therefore the judgment is void. That argument is not only wholly unsupported by the record, but is also unsupported by a clear reading of Rule 60(b)(4).
Although the R&A defendants are correct that the amount the plaintiff was awarded in default exceeded the amount pled in the complaint, this Court does not find that rendering the judgment void would serve the interests of justice. The R&A defendants had notice of a March 26, 2001 hearing date on the plaintiffs motion for assessment of damages. The plaintiffs motion included documentation relating to the $85,000 sum. At that hearing, the R&A defendants could have raised their objections to any and all portions of the judgment. The R&A defendants did not attend the hearing. The judge in the hearing took evidence and concluded that the plaintiff was owed the $85,000 that the plaintiff sought. From May 2001, through August 2001, the R&A defendants were the subject of postjudgment contempt proceedings as a result of their failure to pay the plaintiff under the default judgment. This Court does not wish to reward what it sees as a clear attempt by the R&A defendants to evade their financial responsibility to the plaintiff.
Furthermore, “the larger judgment [is] not void in its entirety . . . and is susceptible to correction ...” See Jabaily, supra, at 945. Therefore, in accordance with Rule 54(c), this Court shall correct the judgment to reflect the $65,000 originally pled in the complaint and noticed to the defendant at the time.[2]

ORDER

For the foregoing reasons, it is hereby ORDERED that the R&A defendants’ motion to vacate the judgment be DENIED. It is further ORDERED, in accordance with Rule 54(c), that the plaintiffs default judgment awarded be lowered to $65,000 which reflects the amount pled in the complaint.

The R&A defendants also argue that the Judgment should be vacated under Rule 60(b)(6). Relief under Rule 60(b)(6) is the catchall provision and is only appropriate when justified by some reason other than those set forth in sections (l)-(5) of the rule. It is only to be granted in extraordinary circumstances. See Bromfield v. Commonwealth, 400 Mass. 254, 256-57 (1987). The R&A defendants have not met their burden here. The R&A defendant’s prayer for relief does not fall under any of the provisions of the Rule 60(b). Furthermore, the circumstances leading to the situation the R&A defendants currently find themselves in was borne out of their own neglect.