Merrick, PJ.
This is a motor vehicle tort action which was dismissed for the plaintiffs’ failure to answer interrogatories. They have appealed the denial of their Mass. R. Civ. P., Rule 60(b) (1) motion to vacate that judgment.
Plaintiffs Sally and Margaret Klessens were, respectively, the operator and the passenger in an automobile that was “rear ended” by the defendant on April 23, 1999. This action was commenced on their behalf by Attorney Linda W. Solomon-son (“Solomonson”) on November 7, 2000. On December 6, 2000, the defendant served interrogatories on the plaintiffs in the usual fashion by mailing them to Attorney Solomonson. On December 18, 2000, Attorney Solomonson wrote to the plaintiffs requesting them to contact her to prepare their answers to interrogatories. According to an affidavit filed with the Rule 60 motion which is the subject of this appeal, the plaintiffs called Attorney Solomonson to make an appointment “immediately,” but could not reach her. Solomonson wrote again on January 26, 2001 to ask the plaintiffs to come to her office to prepare answers to interrogatories. Her letter concluded: ‘THE RESPONSES TO PLEADINGS HAVE TO BE TIMELY FILED IN COURT, SO PLEASE DO NOT DELAY IN CALLING [emphasis in original].”
Although the plaintiffs asserted in their Rule 60 affidavit that they met Attorney Solomonson in early February of 2001, answered the interrogatories and signed the answers, no answers to interrogatories were ever filed in court by Attorney Solomonson. Indeed, she obtained three discovery extensions through July of 2001 to file answers to interrogatories. Successor counsel found no answers or draft answers in Attorney Solomonson’s file. There were not even any notes relative to the preparation of answers.
The defendant had filed a motor vehicle tort counterclaim against the plaintiffs. On February 12, 2001, Attorney Patricia Duggan wrote to the plaintiffs to inform them that she was staff counsel for their insurer and would defend their interests in the case. The plaintiffs assert that they did not understand the letter or Attorney Duggan’s role. They further assert that they spoke to Attorney Solomonson a number of times and that she always said she would “take care of it.”
On December 7, 2001, judgment upon the defendant’s application was entered against the plaintiffs for their failure to answer interrogatories. On February 14, 2002, a judgment in favor of the third-party defendant was entered for the same reason.
On April 10, 2002, Attorney Duggan wrote to the plaintiffs that the case had been dismissed in December, 2001. On May 8, 2002, the plaintiffs wrote to Attorney Solomonson to request a written report on the status of their case. On June 5, *196 2002, the plaintiffs discussed the case with Solomonson who promised them that she would file a motion to vacate the dismissal. On June 12th, no motion having been filed, the plaintiffs fired Attorney Solomonson and told her to turn the file over to Attorney Edmund Hurley (“Hurley”), their new counsel. Solomonson was not associated in practice with Hurley, but shared an office suite with him. She did not turn the plaintiffs’ file over to Hurley until the Board of Bar Overseers ordered her to do so in August, 2002. As noted above, the file contained no answers to interrogatories, draft answers, or even notes for draft answers.
On November 26, 2002, Attorney Hurley filed a Rule 60(b) (1) motion for relief from judgment on the ground of “mistake, inadvertence, surprise or excusable neglect.” Attached to the motion were signed copies of answers to the four sets of interrogatories propounded by the defendant as well as the plaintiffs’ affidavit in which they set forth most of the facts recited above. The plaintiffs’ Rule 60(b) motion was denied after hearing on December 4, 2002. On January 8, 2003, the same judge denied a Mass. R. Civ. R, Rule 59(b) motion, which had been timely filed by the plaintiffs, to alter, amend or reconsider the earlier denial of Rule 60(b) relief. The plaintiffs have appealed both decisions on the ground of an alleged abuse of discretion by the motion judge.
1. The standard of review of a Rule 60(b) (1) motion is well known and simple to state, if occasionally difficult to apply. “[Ujltimately, resolution of motions for relief from judgment repose in the broad discretion of the motion judge. An appellate court will not reverse the motion judge’s decision ‘except upon a showing of a clear abuse of discretion.’ Scannell v. Ed. Ferreirinha & Irmao, LDA, 401 Mass. 155, 158 (1987). The standard is one of marked deference.” Tai v. Boston, 45 Mass. App. Ct. 220, 224 (1998). “There is no error of law amounting to an abuse of discretion simply because a reviewing court might have reached a different result; the standard of review is not substituted judgment.” Bucchiere v. New England Tel. & Tel. Co., 396 Mass. 639, 641 (1986). An abuse of discretion is “arbitrary determination, capricious disposition or whimsical thinking.” Id.
Equally well known are the following factors which are customarily considered on a motion for relief from judgment:
(1) whether the offending party has acted promptly after entry of judgment to assert his claim for relief therefrom; (2) whether there is a showing either by way of affidavit, or otherwise apparent on the record, that the claim sought to be revived has merit; (3) whether the neglectful conduct occurs before trial, as opposed to during, or after the trial; (4) whether the neglect was the product of a consciously chosen course of conduct on the part of counsel; (5) whether prejudice has resulted to the other party; and (6) whether the error is chargeable to the party’s legal representative, rather than to the party himself.
Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 430-431 (1979). “Satisfaction of the Berube factors does not, however, entitle a party as a matter of law to Rule 60(b) relief from judgment.” Riccardi Wholesale Florists v. Rowe, 1999 Mass. App. Div. 85, 87. As the Supreme Judicial Court has observed, “Facts similar to those which the Appeals Court found justified the action of the motion judge in Berube do not compel a ruling that the judge abused his discretion in this case [emphasis in original].” Scannell v. Ed. Ferreirinha & Irmao, LDA, supra at 159-160.
In the present case, factors numbered 2, 3 and 4 have been satisfied. As to the 5th factor, there has been no demonstration of actual prejudice to the defendant beyond the delay of two years between the filing of the interrogatories and the plaintiff’s Rule 60(b) motion with its attendant risk to the memory and availability of witnesses.
*197 2. The defendant argues, however, that the motion judge may have been properly unpersuaded as to the plaintiffs’ satisfaction of Berube factors numbered 1 and 6. We agree.
The first of the Berube factors focuses on whether the “offending party has acted promptly after entry of judgment to assert his claim for relief therefrom.” Rule 60(b) itself requires, with regard to motions for relief for “excusable neglect”:
The motion shall be made within a reasonable time, and ... not more than one year after the judgment, order or proceeding was entered or taken.
The judgment of dismissal for failure to answer interrogatories was entered in this case on December 7,2001. The plaintiffs’ motion for relief from that judgment was not filed until November 26,2002, almost a full year later. The fact that the motion was filed just barely within the one year time limit does not mean that it was “made within a reasonable time.” The prescribed' one year is an absolute outside limit. The judge might well have considered, therefore, that the plaintiff’s motion filing just 11 days before the expiration of the one year limit was not undertaken within a reasonable time. See Jabaily v. Cullen, 18 Mass. App. Ct. 943 (1984) (default due to attorney neglect; 6 month delay unreasonable). Certainly it cannot be said that in taking that view, the judge abused his discretion.
3. The plaintiffs argue that it was their counsel who was responsible for both the delay in filing their motion for relief from judgment as well as the delay in filing interrogatory answers which resulted in the original default. The 6th Berube factor is “whether the error is chargeable to the party’s legal representative, rather than to the party himself.” The rationale for this factor is that “the courts have been reluctant to attribute to the parties the errors of their legal representatives.” Berube v. McKesson Wine & Spirits Co., supra at 431. But as we have noted, facts similar to those in the Berube case would permit, but not require, allowance of a Rule 60(b) (1) motion. The fact that the error involved was chargeable to counsel rather than the parties themselves does not require relief from judgment. See Jabaily v. Cullen, supra at 945.
Moreover, the record in this case does not require a finding that the neglect was entirely that of counsel. Although the plaintiffs claim to have acted promptly in meeting with their then attorney and preparing and even signing interrogatory answers, none were filed and none were ever found in counsel’s file. Further, even if one accepts the plaintiffs’ assertions, they learned of the dismissal in a letter dated April 10, 2002 and then delayed filing a Rule 60 motion until November 27, 2002, 7 months later. The plaintiffs remained aware of the dismissal during this entire period. It is sound practice for an attorney filing a motion for relief to attach answers to interrogatories, but not if the preparation of such answers will unduly delay the filing of the motion for months. We note that no apparent effort was made to obtain a copy of the interrogatories from defendant’s counsel to expedite the plaintiffs’ response. Had defendant’s counsel refused such a request, he could not have complained of any subsequent delay by the plaintiffs.
We reiterate that while we would not necessarily have decided the motion the same way, we cannot conclude that the judge abused his discretion in denying the plaintiffs’ motion.
Accordingly, the denial of the plaintiffs’ Rule 60(b) (1) motion for relief from judgment is affirmed.
So ordered.