OToole, J.
These companion cases present the defendants’ appeals from
the denial of their respective motions to vacate judgments which had been entered by agreement in each case. Upon the defendants’ requests, the motion judge reported the following:
Each case was a contract action in which the plaintiff sought to recover money alleged to be due.for the purchase by the plaintiff of shares of stock for the account of the defendant. An answer was filed for each defendant by the same attorney. Before the cases came to trial, an Agreement for Judgment was filed in each case, executed on behalf of the parties by the attorneys of record. The Agreements were filed in mid-July, 1984.
*84 In early January, 1985, the defendants, by new counsel, filed their respective motions to vacate the judgments, relying on Dist./Mun. Cts. R. Civ. P., Rule 60 (b) (1) (“mistake, inadvertence, surprise, or excusable neglect" and 60 (b) (6) (“any other reason justifying relief from the operation of the judgment”). Each motion was accompanied by an affidavit that averred, in essence, that the Agreement for Judgment had not been authorized by the defendant but had been executed and filed by his attorney “as a result of a misunderstanding or mistake regarding my position on the matter of settlement.”
The motions were heard together on January 29, 1985. At the hearing the plaintiff offered for each case an opposing affidavit, made by the original attorney of record for the defendants who had filed the Agreements for Judgment in the earlier proceedings. The defendants objected that these affidavits were not timely in light of the provision of Dist./Mun. Cts. R. Civ. P., Rule 6(c) that opposing affidavits are to be filed one day prior to the day of hearing. Nevertheless, the judge permitted the counter-affidavits to be submitted. Two days later the court denied the defendants’ motions without opinion.
The defendants’ objection to the consideration of the counter-affidavits is an insubstantial one. Rule 6 (c) provides that counter-affidavits are to be filed at least one day before a hearing, “unless the court permits them to be served at some other time.” Dist./Mun. Cts. R. Civ. P., Rule 6 (c). The judge clearly had authority under the Rule to permit the filing of the opposing affidavits at the hearing. That authority was not abused when it was exercised here to permit the receipt of matter highly relevant to the question under consideration. The affidavits of the attorney whose actions in filing the Agreements for Judgment were impugned were plainly germane to the hearing. While the judge would have acted properly had he invoked the strict letter of the rule and refused to receive them, his choice to admit their evidence for consideration was not wrong.
As for the merits, the disposition of a motion made under Rule 60 (b) is to be reviewed on appeal for possible abuse of discretion. Bird v. Ross, 393 Mass. 789, 791 (1985). We find no abuse of discretion by the motion judge in the present cases.
The affidavits of the defendants in support of their motions were substantially identical. In his affidavit, each defendant stated that he hired Attorney William C. Berkowitz to represent him in connection with the plaintiffs suit against him. Each further said that on or about June 29, 1984, he received a copy of a letter dated June27from Mr. Berkowitz to the lawyer for the plaintiff. The letters are not a part of the Report, and we do not know what they said. Each defendant stated in his affidavit, in what appears to be carefully chosen language, that he believed that Mr. Berkowitz “drafted [the] letter as a result of a misunderstanding or mistake regarding [the defendant’s] position on the matter of settlement.” Neither affidavit stated the nature of the “misunderstanding or mistake” nor, for that matter, what was the defendant’s “position on the matter of settlement” at the time.[2]
*85 After seeing the June 27 letter, each defendant contacted another attorney, not Mr. Berkowitz, “as [he] no longer desired to be represented by Attorney Berkowitz.” Neither defendant apparently communicated to Mr. Berkowitz his dissatisfaction with the contents of the letter or his intention to retain another lawyer.
On July 16,1984, more than two weeks after each defendant saw the letter which betrayed the “misunderstanding or mistake” on the part of his lawyer, the Agreements for Judgment were filed. Each defendant denied in his ■ affidavit that he authorized or consented to the filing or the Agreement for Judgment.
For his part, Mr. Berkowitz stated in his affidavit that the settlement agreement had been authorized and approved by each defendant and that he had not agreed to a settlement without having obtained his clients’ consents.
A motion for relief from judgment under Rule 60 (b) must be made “within a reasonable time.” Dist./Mun. Cts. R. Civ. P., Rule 60 (b); Chavoor v. Lewis, 383 Mass. 801 (1981).[3] The respective motions to vacate the judgments were filed on January 8, 1985. Given the facts recited in the defendants’ affidavits respecting when they discovered the “misunderstanding or mistake” that they claim entitles them to relief, a determination by the motion judge that a six-month delay in applying for relief was not reasonable is not unsound or the product of “idiosyncratic choice.” See Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 433 (1979).
The affidavits before the motion judge hardly make out a compelling case for relief. They present contradictory assertions as to whether Mr. Berkowitz acted with or without authority in filing thé Agreements for Judgment. If these assertions are viewed simply as offsetting, the motion judge would have been justified on the basis of other uncontested assertions in concluding that the moving parties had not demonstrated either “mistake” [to take advantage of Rule 60 (b) (1)] or “misunderstanding” [to have the benefit of Rule 60 (b)(6)]. On the other hand, the judge was entitled to accept one of the contrary assertions and reject the other, and we cannot say he was wrong in accepting Mr. Berkowitz’s. He was entitled to evaluate the conclusory assertions as to whether authority was given in the light of all the other circumstances. He was entitled, for example, to doubt the proposition that Mr. Berkowitz had acted without authority when the defendants’ own version of events was that, having seen the June 27 letter, they failed to contact Mr. Berkowitz to correct his “misunderstanding” or to prevent his “mistake.” The judge could have been confirmed in this conclusion by the fact that the defendants, having learned of the filing of the assertedly unauthorized Agreements for Judgment, did not protest promptly but let several months pass before seeking to avoid the effect of the “mistake.” In short, there was ample ground for the motion judge to have *86 concluded, within the sound exercise of his judgment and discretion, that each defendant’s motion ought not to be granted.
There was no error. The Report is dismissed.

 The affidavits were apparently signed by the defendants, according to the notary jurats, in mid-November, 1984. They each say, using the present tense, that the June 27 letter “does not reflect my desires as I do not want to settle this case." These statements do not address the defendants’ “desires” as of June 29 or July 16.

 With respect to motions grounded on Rule 00 (b) (1), one of the bases for the1 present motions, 1 lie longest time that is reasonable is one year. While motions brought beyond a year are not timely, it does not follow that motions within the year are automatically considered t imely. Depending on t he circumstances, a delay of less than a year may,justifiably he determined to have been unreasonable. See Usery v. Weiner Bros., Inc., 70 F.R.D. 615, 616 (I). Conn. 1970).