Furnari, J.
This is an action by a Texas corporation, plaintiff Network Personnel Services, Inc. (“Network”), to enforce a foreign default judgment rendered by the Texas Civil Court at Law of Harris County against a Massachusetts corporation, defendant Ophnet, Inc. (“Ophnet”).
The defendant answered by way of affirmative defenses that the foreign judgment was not entitled to full faith and credit in Massachusetts because the Texas court lacked personal jurisdiction over the defendant, and was an inconvenient forum.
The plaintiff filed a Dist./Mun. Cts. R. Civ. P., Rule 56 motion for summary judgment supported solely by a certified copy of the Texas judgment and a memorandum of law. In opposition to Network’s motion, defendant Ophnet filed the affidavit of Ronald Zoila (“Zoila”), its vice-president and treasurer. Zoila averred, inter alia, that Ophnet never conducted business inTexas, had no contactwith the plaintiff in Texas by mail or telephone, and never contracted with the plaintiff in Texas or any other place.
No affidavit contradicting Zolla’s averments was filed by Network. The plaintiff instead submitted a supplemental memorandum of law in which it argued that the Texas court acquired long-arm jurisdiction over the defendant by virtue of Network’s substitute service upon theTexas Secretary of State pursuant to Texas Civ. Rem. Code §17.045 and Texas Bus. Corp. Act, §8.10. Copies of the Texas statutes were neither attached to, nor incorporated into, the plaintiff s memorandum, which also failed to set forth specific facts describing any business conducted by Ophnet in Texas which would have been a necessary, statutory prerequisite to the proper exercise of Texas long-arm jurisdiction.
The plaintiff also argued in its memorandum that Ophnet submitted itself to the jurisdiction of theTexas court by attempting to file two, separate answers to Network’s Texas complaint. The record indicates, however, that Network successfully filed motions to strike both of Ophnet’s proffered answers on the grounds that they were signed by Ophnef s Massachusetts counsel and its corporate president rather than by an attorney licensed to practice in Texas as required by Texas law. Contrary to Network’s assertion of a “voluntary appearance” by Ophnet, it is clear that the Texas court did notpresume to exercise personal jurisdiction overthe defendanton the basis of these stricken answers because the court entered a default judgmentwhich recited in pertinent part that “the defendant failed to appear and answer in accordance with theTexas Rules of Civil Procedure And wholly made default.”
Attached to Network’s supplemental Rule 56 memorandum were copies of documents filed in theTexas action which shed some light on Network’s alleged cause of *130 action. Plaintiff Network, doing business as “Interview Ophthalmology Search,” is a Houston personnel placement service. Its Texas suit was brought against both Ophnet, identified as a Massachusetts ophthalmology marketing and managing consulting service, and one John Hirsch,[1] Ophnet’s corporate president. Network alleged that Ophnet, acting as agent for a company known as Eye Health, entered into a contractual agreement in Texas by means of telephone calls and the mail for Network’s referral of candidates for a technician position open at Eye Health. Network further alleged that Ophnet agreed to pay its customary fee upon Eye Health’s hiring of any candidate referred by Network, that Eye Health in fact hired one Karen Wingate who was referred to Ophnet by Network, and that Ophnet thereafter refused to pay Network’s “usual” referral fee of $9,000.00.
In one of the two answers eventually stricken by the Texas court, Hirsch admitted that he, rather than Ophnet, acted as agent for Eye Health, an independent Florida corporation unrelated to Ophnet, and that he discussed Eye Health’s technician position in a telephone conversation with a Network agent. Hirsch denied, however, that he ever retained or contracted with Network to find someone to fill the Eye Health employment position, and denied that Karen Wingate ever worked for him or for Ophnet.
The admissions and defenses Hirsch attempted to file in the Texas action are substantiated by the additional averments of Ronald Zoila set forth in Ophnet’s counter-affidavit in the present action. Zoila averred that Karen Wingate was never employed by Ophnet, that Eye Health, Inc. is a separate Florida corporation with no association or connection to Ophnet, and that Ophnet received no benefit from Eye Health’s employment of Wmgate in Florida. Again, no affidavit was filed by Network to contradict these assertions.
After a hearing conducted on Network’s Rule 56 motion, the trial court entered summary judgment for Ophnet, the opposing party. See, e.g., Gamache v. Mayor of North Adams, 17 Mass. App. Ct. 291 (1983). In an extensive memorandum decision, the court ruled that Network had failed to satisfy its burden as the Rule 56 moving party, Attorney General v. Bailey, 386 Mass. 367, 371 (1982), of establishing as a matter of law that the Texas court properly acquired or exercised personal jurisdiction over the defendant.
Plaintiff Network thereafter filed a single motion pursuant to Dist./Mun. Cts. R. Civ. P., Rule 59(e) to vacate, alter or amend, or reconsider judgment. As grounds therefor, Network argued that it had deliberately chosen not to file an affidavit controverting defendant’s Zoila affidavit in order to avoid a “trial by affidavit” and to focus on what it perceived to be the dispositive issue of Ophnet’s “voluntary appearance” in the Texas action. Network further argued that its intentional failure to file a Rule 56 affidavit did not constitute any waiver of argument relative to additional bases for the Texas court's jurisdiction. To that end, the plaintiff attached the affidavit of Richard Gladstone, Network’s president, which merely reiterated, in almost verbatim form, the general, conclusory allegations of Network’s Texas complaint.
The court declined to reconsider its Rule 56 ruling in light of the new affidavit, and denied Network’s Rule 59 motion. Network thereafter claimed an appeal to this Division.
1. As a preliminary matter, we reject the defendant’s purely procedural challenge *131 to the plaintiff s appeal brought in the form of a Dist/Mun. Cts. R. Civ. R, Rule 64 (g) motion to dismiss for “unnecessary delay.”[2] The docket indicates that Network complied with all necessary Rule 64 time requirements, and that any delay in the prosecution of this appeal was attributable to the trial court clerk’s oversight.
Network filed a timely draft report on June 18, 1990, within ten days of the court’s denial of its Rule 59 motion. See Rule 64(c) (1) (iii). A report was duly settled and signed by the trial judge on August 17, 1990, which action was well within the three month time period prescribed by Rule 64(c) (5) for final report action.
The ensuing fourteen month delay of which the defendant now complains resulted from the trial court clerks’ failure to issue a Rule 64 (c) (4) notice[3] that the report had been signed until October 22, 1991. Again, however, the plaintiff responded in a timely fashion by filing its briefs on November 5, 1991.
Unlike the Rule 64 time periods governing both the filing and settlement of a draft report, the Rule 64 (f)[4] time for filing briefs runs from actual receipt of notice of report settlement. Failure of the clerk to issue such notice does not merely toll the running of the fifteen day time period in question, but delays or actually prevents the commencement of such time period. The clerk’s failure to comply with the Rule 64 (0 notice requirement, does, therefore, excuse a party’s inaction. Such failure is thus unlike a clerk’s failure to issue a Rule 77 (d) notice of judgment, or a Rule 64 (c) (5) notice of the imminent expiration of the three month report settlement period, neither of which excuse a party’s failure to take timely action to initiate an appeal or file a petition to establish. See Locke v. Slater, 387 Mass. 682 (1982) [clerk’s failure to issue notice of judgment does not extend timeforfiling appeal]; Brown v. Quinn, 406 Mass. 641, 643 (1990) [failure of clerk to issue Rule 64 (c) (5) notice does not toll time for filing petition to establish]. The distinction rests on the nature of the procedural event which triggers the relevant time period in which a party must act.
In an affidavit of counsel, the plaintiff indicates that it endeavored unsuccessfully on several occasions during the fourteen month period in question to obtain information from the clerk’s office as to the status of the case. The plaintiff should not now be deprived of its right to appeal solely because of adelay in prosecutingthe appeal which is attributable to the neglect or omissions of the trial court clerk. Krupp v. Gulf Oil Corp., 29 Mass. App. Ct. 116, 121 (1990).
2. Turning to the merits of the plaintiff’s appeal, we hold that there was no error in the trial court’s denial of Network’s Rule 56 motion and its entry of summary judgment for defendant Ophnet.
Although by constitutional mandate and statutory directive, a foreign judgment is entitled to full faith and credit in the courts of this Commonwealth, Cavanaugh v. Cavanaugh, 396 Mass. 836, 839 (1986), the jurisdiction of the foreign court may always be challenged in any suit to enforce such judgment. Shapiro Equip. Corp. v. Morris & Son Constr. Corp., 369 Mass. 968, 969 (1976). It was incumbent upon Network to establish that any exercise of personal jurisdiction over Ophnet by the Texas court was both permissible under the Texas Long-Arm statutes and consistent with federal *132 and state due process guarantees of “fair play and substantial justice.” International Shoe v. Washington, 326 U.S. 310, 320 (1945); Morrill v. Tong, 390 Mass. 120, 129 (1983); Balloon Bouquets, Inc. v. Balloon Telegram Delivery, Inc., 18 Mass. App. Ct. 935, 936 (1984).
Neither Network’s Rule 56 motion, nor the certified copy of the Texas judgment attached thereto, indicate any factual basis for the Texas court’s proper exercise of jurisdiction over the defendant. Relying on Makorios v. H. V. Greene Co., 256 Mass. 598 (1926), Network argues instead that the record of the Texas judgment carried with it a presumption as to the regularity of the Texas proceedings, including the court’s proper exercise of jurisdiction. However, as the trial court correctly ruled, a judgment entered against a foreign corporation carries no presumption of jurisdiction. Tucker v. Columbian Nat'l Life Ins. Co., 232 Mass. 224, 228 (1919). Moreover, whatever artificial evidentiary effect Network seeks to accord the Texas judgment was clearly rebutted by Ophnet’s Zoila affidavit which set forth specific facts indicative of a total absence of those purposeful minimum contacts by Ophnet with the State of Texas which were a constitutional and statutory prerequisite to the Texas court’s exercise of long-arm jurisdiction over the defendant. See generally, Droukas v. Divers Training Academy, 375 Mass. 149 (1978); Automatic Sprinkler Corp. of America v. Seneca Foods Corp., 361 Mass. 441 (1972); Guardian Royal Exch. v. English China, 815 S.W.2d 223, 226 (Tex. 1991). Network failed to file a counter-affidavit in response to Zolla’s averments, and such failure was not remedied by the submission of the unverified materials attached to its supplemental memorandum. See Godbout v. Cousens, 396 Mass. 254 (1985); Puckett v. Commissioner of Correction, 28 Mass. App. Ct. 448 (1990).
3. There was also no error in the denial of Network’s post-judgment request for the court’s reconsideration, vacating or amendment of its order for summary judgment. Whether viewed as a Rule 59 motion to alter or amend judgment or a Rule 60 (b) (1) motion for relief from judgment, Network's motion was addressed solely to the discretion of the trial justice. Bird v. Ross, 393 Mass. 789, 791 (1985); Galvin v. Welsh Mfgr. Co., 382 Mass. 340, 343 (1981); Chiu-Kun Woo v. Moy, 17 Mass. App. Ct. 949 (1983); Lynn v. Nashawaty, 12 Mass. App. 310, 316 (1981).
The thrust of Network’s argument in support of its motion is that it deliberately and intentionally refrained from filing a Rule 56 affidavit as a tactical maneuver to restrict the couif s Rule 56 inquiry to what Network believed was a dispositive legal argument in its favor; namely, Ophnefs “voluntary appearance” in the Texas proceedings. Network contends that, having lost on this issue, it is now willing and entitled to submit an affidavit and to present additional, alternative arguments supporting the Texas court’s proper exercise of jurisdiction over Ophnet. To justify a request to vacate judgment, however, it is not enough simply to showthat available evidence was not offered, or material contentions were not presented. Olsson v. Waite, 373 Mass. 517, 531 (1977). Network does not and cannot argue that its Gladstone affidavit was unavailable for filing with its Rule 56 motion, or that there is now newly discovered evidence in support of its claim which should, in fairness, be reviewed. See Murphy v. Administrator of Div. of Personnel Adm., 377 Mass. 217 (1979); Hillman v. Slater, 13 Mass. App. Ct. 1055 (1982); Levenson v. Brockton Taunton Gas Co., 5 Mass. App. Ct. 883 (1977). Network’s motion indeed constitutes little more than a request to be relieved of its own consciously chosen litigation strategy or error in tactical judgment. There was clearly no abuse of discretion in the trial court’s denial of such motion. Moreover, a reconsideration of the court’s Rule 56 ruling in light of the Gladstone affidavit would not have required vacating the court’s summary judgment for defendant Ophnet herein. Such affidavit failed to set forth specific facts to rebut the Zoila *133 averments sufficient to demonstrate the existence of genuine issues of material fact requiring a trial herein.
Report dismissed.

 The action against Hirsch was dismissed upon Network’s motion at the time a default judgmentwas entered against Ophnet. No reasonfor Network’s voluntary dismissal of its claim against Hirsch appears in the record.

 The relevant portion of Rule 64(g) states: “If a party whose request for report has been allowed or established shall not prosecute the same promptly by preparing all necessary papers or as otherwise herein provided, the appellate division may upon motion... order the cause to proceed as though no claim had been made.”

 Rule 64 (c) (4) states: “Upon receipt of a report as settled by him, the justice shall sign it. The clerk shall forthwith notify the parties of the court’s action....”

 Rule 64(f) provides in pertinent part: “After notice of the allowance or establishment of a report, 15 days, exclusive of Sundays and holidays, shall be allowed the parties for filing briefs ... [emphasis supplied].”