Sherman, PJ.
This is an action in tort to recover for bodily injuries allegedly sustained by the plaintiffs in consequence of the negligent operation of a vehicle owned by defendant U-Haul Co. of Nevada, Inc. (“U-Haul Nevada”). A default judgment in the amount of $30,000.00 was entered, and execution issued. The trial court denied the defendant’s motions to set aside judgment and for reconsideration brought on the grounds of lack of service of process. The defendant thereafter appealed to this Division pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8B on the “Agreed Statement” of both parties.
*28 The accident occurred on March 11, 1995. As indicated, defendant U-Haul Nevada owned the vehicle which collided with the plaintiffs’ car. U-Haul Nevada is a foreign corporation organized under the laws of the State of Nevada, with a principal place of business in Las Vegas, Nevada. The vehicle in question was rented from U-Haul Center of Lawrence (“U-Haul Lawrence”), a separate Massachusetts corporation located at 375 Broadway, Lawrence, Massachusetts. U-Haul Lawrence is a subsidiary of still a third entity, U-Haul Co. of Massachusetts, Inc., a Massachusetts corporation with a primary place of business in Somerville, Massachusetts.
The Agreed Statement indicates that the plaintiffs filed a complaint on November 25,1996 which alleged that U-Haul Nevada had a usual place of business at 375 Broadway, Lawrence, Essex County, Massachusetts. The summons and complaint were served on December 13, 1996 on “U-Haul Company of 375 Broadway, Lawrence, MA.”
On January 23,1997, the plaintiffs filed a request for default which stated that U-Haul Nevada had been properly served. After default entry, the plaintiffs filed a motion for assessment of damages with an attached certificate indicating service of the motion upon U-Haul Co. of Nevada, Inc. at 375 Broadway, Lawrence, MA 01840.
Judgment was entered on February 27, 1997, and a writ of execution in the amount of $31,464.59 was issued on March 14,1997.
On April 17,1997, defendant U-Haul Nevada filed a motion to set aside judgment which was denied, after hearing, on May 5, 1997. Two days later, the defendant filed a motion for reconsideration which was also denied.
Prior to the commencement of this suit, the plaintiffs’ attorney notified U-Haul Nevada’s insurer of the plaintiffs’ claims on numerous occasions, and forwarded a “courtesy copy” of the complaint to the insurer.
1. The defendant contends that it was entitled to relief from the default judgment entered herein pursuant to both Mass. R. Civ. P., Rules 60(b)(1) and 60(b) (4).[2] A Rule 60(b) (1) motion predicated on “mistake, inadvertence, surprise or excusable neglect” rests within the discretion of the motion judge, Bird v. Ross, 393 Mass. 789, 791 (1985); Network Personnel Serv., Inc. v. Ophnet, Inc., 1992 Mass. App. Div. 129, 132, as does a motion for reconsideration. Chase Precast Corp. v. John J. Paonessa Co., 409 Mass. 371, 379 (1991); Baybank v. DiRico, 1996 Mass. App. Div. 30, 31-32. No discretion is afforded, however, by Rule 60(b)(4) which requires relief as a matter of law from a void judgment. Field v. Massachusetts Gen. Hosp., 393 Mass. 117, 118 (1984); Jackson v. Corley, 1997 Mass. App. Div. 25, 26. Where, as *29 in the instant case, a default judgment is entered by a court which lacks personal jurisdiction over the defendant because of a lack of service of process, a defendant is entitled to Rule 60(b) (4) relief from such void judgment. Metivier v. McDonald’s Corp., 16 Mass. App. Ct. 916, 918 (1983); New England Die Cutting, Inc. v. O’Neil, 1997 Mass. App. Div. 6, 7.
Service of process upon U-Haul Nevada, a foreign corporation, could have been properly made by the plaintiffs pursuant to Mass. R. Civ. R, Rule 4(d) (2), by delivering a copy of the summons and complaint
to an officer, to a managing or general agent, or to the person in charge of the business at the principal place of business thereof within the Commonwealth, if any; or by delivering such copies to any other agent authorized by appointment or by law to receive service of process...
An “agent authorized.:. by law to receive service” would have included the Registrar of Motor Vehicles. See G.L.c. 90, §3A The plaintiffs elected instead to deliver the summons and complaint to an employee of U-Haul Lawrence, a separate, distinct Massachusetts corporation with no proven agency or other relationship with U-Haul Nevada. U-Haul Nevada was never served.
2. The plaintiffs’ argument that this is simply a case of misnomer rather than lack of service borders on the frivolous. The plaintiffs contend that they intended to serve “U-Haul,” did in fact effect service upon U-Haul Lawrence, and that their addition of the words “of Nevada, Inc.” in naming the defendant is not of sufficient consequence to require the plaintiffs to forfeit their $30,000.00 default judgment.
The bald similarity of the name of the Massachusetts corporation upon whom service of process was made did not establish that it was the same party as, or the agent or alter ego of, the Nevada corporation against whom the plaintiffs commenced suit and obtained judgment. Deutsch v. Ormsby, 354 Mass. 485, 489 (1968); Manchester Supply Co. v. Appell, 1990 Mass. App. Div. 204, 206. It should be too elementary to require comment that a corporation is “an independent legal entity, separate and distinct from its shareholders, officers and employees.” Spaneas v. Travelers Indem. Co., 423 Mass. 352, 354 (1996). See also, Sunrise Properties, Inc. v. Bacon, 425 Mass. 63, 66 (1997). Even the interdependence and common ownership of two corporations, which the plaintiffs did not prove here, would be an insufficient basis for disregarding their separate legal status or permitting the conclusion that an agency relationship existed between them, Gurry v. Cumberland Farms, Inc., 406 Mass. 615, 624-625 (1990); Westcott Constr. Corp. v. Cumberland Constr. Co., 3 Mass. App. Ct. 294, 296 (1975), absent additional evidence of a “confused intermingling” of corporation activities, or single control of both entities with fraudulent results. Evans v. Multicon Construc. Corp., 30 Mass. 728, 732-733 (1991).
In short, the plaintiffs made service of process upon the wrong corporation. As defendant U-Haul Nevada was never served, the default judgment entered against it was void and Rule 60 (b) (4) relief from such judgment was mandated. Metivier v. McDonald’s Corp., supra at 918; Carroll v. DeMoulas Super Markets, Inc., 1987 Mass. App. Div. 163, 164-165.
Accordingly, the denial of the defendant’s motion to set aside judgment is reversed, and the default judgment entered against the defendant is vacated.
So ordered.

 It is unclear whether the defendant’s motion sought relief from judgment under a specific subsection of Rule 60(b). Neither the defendant’s motion to set aside judgment; supporting affidavits, if any; the plaintiffs opposition motion; counter-affidavits, if any, nor the defendant’s motion for reconsideration are included in, or attached to, the parties’ Rule 8B Agreed Statement which serves as the trial court record on this appeal. Ordinarily, such motions and affidavits would be essential to appellate review of the issue of lack of service in any case in which salient facts were disputed. See, e.g., Konan v. Carroll, 37 Mass. App. Ct. 225, 229-230 (1994). In the instant case, however, the Agreed Statement, which was assented to by both parties and approved by the trial court, sets forth the clearly dispositive facts that suit was brought against a Nevada corporation, service of process was made on a separate Massachusetts corporation not named as a party defendant, and the defendant promptly moved to set aside the default judgment for lack of service of process. The defendant’s failure to classify his motion to set aside judgment as one pursuant to Rule 60(b) (4) did not preclude his right to relief. Bowers v. Board of Appeals of Marshfield, 16 Mass. App. Ct. 29, 33 (1983).