Greco, J.
This is a Dist./Mun. Cts. R. A. D. A., Rule 8A appeal by the defendant of the denial of her motion for relief from a default judgment entered against her in this action to enforce a Missouri judgment.
The plaintiff’s claim in the Missouri action was for unpaid rent and property damage to premises he had leased to the defendant. Prior to the commencement of that suit, the defendant moved to Massachusetts. The plaintiff filed the Missouri action on October 16, 1996. The defendant, through Missouri counsel, filed a motion to dismiss for lack of service of process, but never marked that motion for a hearing. No answer was filed, the defendant’s Missouri counsel failed to appear on the scheduled trial date, and the Circuit Court of St. Louis County entered a default judgment against the defendant on April 9,1997.
This action to enforce the Missouri judgment was filed by the plaintiff on Sep *204 tember 4,1997. Service of the complaint and summons was made on the defendant at both an address in Boxford, Massachusetts and an address in Beverly, Massachusetts. The defendant has never denied or disputed the adequacy of such service. The defendant did not, however, file an answer and a default judgment was entered against her on October 31,1997.
Six months later, the defendant filed a motion for relief from the default judgment pursuant to Mass. R. Civ. R, Rule 60(b) (1) and (b) (6) on the grounds of “mistake.” The defendant, who is a lawyer, claimed that she had not been properly served in the Missouri action; that she thought she “did not need to defend” the Massachusetts case because she believed the Missouri action would be settled; and that she had not been notified of the entry of the Massachusetts default judgment. The motion was denied, and this appeal followed.
It is well established that
resolution of motions for relief from judgment repose in the broad discretion of the motion judge. An appellate court will not reverse the motion judge’s decision ‘except upon a showing of a clear abuse of discretion.’ Scannell v. Ed. Ferreirinha & Irmao, Lda., 401 Mass. 155, 158 (1987). The standard is one of marked deference.
Tai v. Boston, 45 Mass. App. Ct. 220, 224 (1998). See generally, Dalessio v. Dalessio, 409 Mass. 821, 832 (1991); Nunez v. U-Haul Co. of Nevada, Inc., 1998 Mass. App. Div. 27, 28. The familiar factors to be considered in the disposition of such motions include:
(1) whether the offending party has acted promptly after entry of judgment to assert his claim for relief therefrom; (2) whether there is a showing- ... that the claim sought to be revived has merit; (3) whether the neglectful conduct occurs before trial, as opposed to during, or after trial; (4) whether the neglect was the product of a consciously chosen course of conduct on the part of counsel; (5) whether prejudice has resulted to the other party; and (6) whether the error is chargeable to the party’s legal representative, rather than to the party himself;...
Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 430-431 (1979). An examination of the record in this case on the basis of these factors discloses ample basis for the trial judge’s proper denial of the defendant’s motion for relief from judgment.
First, the defendant delayed for almost six months before attempting to vacate the October 31,1997 default judgment. Compare, e.g., Old Colony Bk. & Tr. Co. v. Tacy Transport Corp., 10 Mass. App. Ct. 825, 826 (1980) (5 month delay unreasonable); Financial Brokerage Serv., Inc. v. Barra, 1986 Mass. App. Div. 83, 85 (6 month delay unreasonable); Knapp v. Cramer, 1980 Mass. App. Div. 11, 12 (3 month delay unreasonable). While the defendant stated in her April 17,1998 affidavit that she “had not become aware of the default until very recently,” the record includes a written acknowledgment by the defendant’s Missouri attorney of receipt of a copy of the default judgment in early November, 1997.[1]
Second, the trial judge could well have been skeptical about the merits of the claimed defense. See generally, Gifford v. The Westwood Lodge Corp., 24 Mass. App. Cts. 920, 922 (1987); Kline v. Gutzler, 18 Mass. App. Ct. 915 (1984). Contrary to the *205 defendant’s contentions, she never appealed the default judgment entered against her in Missouri on April 9, 1997. Indeed, she did not even file a motion to vacate the Missouri judgment until November 25, 1997, after the entry of judgment against her and the issuance of execution in this case. By the time the defendant’s Rule 60(b) motion in this case was heard, her motion to vacate the Missouri judgment had been denied, and her motion for reconsideration of that ruling had also failed.
It is true that the defendant’s "neglectful conduct” occurred before trial and that the plaintiff has not demonstrated any prejudice beyond the ordinary annoyance and expense attendant to chasing a debtor who is intent on avoiding her obligation at every step of the collection process. However, the defendant has utterly failed to satisfy the fourth and sixth criteria set forth in Berube. It is obvious that the defendant made a conscious decision not to answer or in any way respond to the complaint in this action. She elected to rely exclusively on the efforts of her Missouri attorney to have the judgment there vacated rather than simply filing an answer to the plaintiff’s Massachusetts complaint which contained a grand total of four sentences. Nor in fact is there any suggestion in the record that Missouri counsel advised the defendant to ignore the Massachusetts complaint and thus that the error was that of counsel rather than the party’s own. See Ruma Enter., Inc. v. Big Mac’s Parking, Inc., 1994 Mass. App. Div. 110, 112. In any event, the defendant, herself a lawyer, cannot now shift the blame here. The defendant has failed to satisfy her Rule 60(b)(1) burden of proving that her mistake or inadvertence was excusable and not due to her own carelessness or even intentional action. Cullen Enter., Inc. v. Massachusetts Prop. Ins. Under. Assn., 399 Mass. 886, 894 (1987); Murphy v. Administrator of Div. of Personnel Admin., 377 Mass. 217, 228 (1979). Under such circumstances, there was no abuse of discretion in the trial court’s denial of the defendant’s Rule 60(b) (1) motion.[2]
Appeal dismissed.
So ordered.

A copy of the default judgment was sent by plaintiff’s counsel. Contrary to the defendant’s contention, she was not entitled to notice of the judgment from the trial court clerk because she was in default. See Mass. R. Civ. R, Rule 77(d). See also, Lumber Mut. Ins. Co. v. Centore, 1992 Mass. App. Div. 218.

 The defendant was not entitled to Rule 60(b) (6) relief as the mistake she alleged as grounds for her motion was cognizable as a possible basis for a Rule 60(b)(1) motion. Bromfield v. Commonwealth, 400 Mass. 254, 256 (1987); Gill v. Flynn, 1997 Mass. App. Div. 138, 139.