Coven, J.
This is a Dist./Mun. Cts. R. A. D. A, Rule 8A appeal of the denial of the defendanfs motion for relief from the default judgment entered against her.
Plaintiff Massachusetts Electric Company commenced this action on February 28, 1997 on an account annexed in the amount of $5,953.66 for unpaid electrical services furnished to defendant Florence B. Vinal. The sheriffs return recited that the defendant was served in hand on March 13,1997. The defendant did not file an answer. No further action was taken in the case, and a judgment of dismissal pursuant to Standing Order 1-88 was routinely entered by the trial court clerk on March 3, 1998. The dismissal was promptly vacated on March 12, 1998 on the plaintiffs motion. A default judgment against the defendant was then entered at the plaintiffs request on March 19,1998. Notice of judgment was issued to the parties.
Seven months later, after the commencement of supplementary process proceedings against her, the defendant retained legal counsel and filed a motion to vacate the default judgment pursuant to Mass. R. Civ. P, Rule 60(b)(1) and (b) (3). In a supporting affidavit, the defendant stated that she called the plaintiffs attorney on April 7, 1997[1] because she “questioned a $5,953.66 electrical bill for [her] unit,” number 6, which was one of eleven apartments in the building located at 250 North Main Street in Andover. The defendant asked plaintiffs counsel to supply documentation supporting the electric bill, and requested an extension of time for filing an answer. Plaintiffs counsel agreed to postpone any additional action in the case until the requested documentation was supplied. The defendant concedes that the plaintiff forwarded a statement of her account, but averred that such statement did not constitute “itemized billing and did not show payments.” She further averred that because she never received itemized documentation from the plaintiff, she simply “believed that the case against her had been resolved as a billing error eventually discovered and corrected by the plaintiff.”
The defendanfs affidavit also refers, however, to an agreement to restore electrical services, or “Cromwell Waiver,” signed by the defendant on October 26, 1994, more than two years before the filing of this action. The waiver signed by *92 the defendant clearly indicates that the defendant had unpaid balances for electrical services not only on her account for the North Main Street apartment, but also on three additional separate accounts, presumably for other properties. The consolidated balance owed by the defendant on all four accounts as of October 26, 1994 was stated as $4,949.70, plus any final bills for service on three of her old accounts. Pursuant to the terms of the waiver, the defendant specifically agreed to the transfer of balances on all her accounts to her North Main Street apartment account, and to reduce the arrearages by paying $600.00 per month, plus current charges.
After hearing, the defendant’s Rule 60(b) motion was denied and this appeal followed.
1. It is well established that the disposition of a motion for relief from judgment rests within the broad discretion of the motion judge, and will not be reversed on appeal in the absence of a showing of a clear abuse of that discretion. Bird v. Ross, 393 Mass. 789, 791 (1985); Chiu-Kun Woo v. Moy, 17 Mass. App. Ct. 949 (1993); Shapiro v. Brown, 1998 Mass. App. Div. 203, 204. There was no abuse of judicial discretion in the denial of the defendant’s motion to vacate judgment in the instant case.
2. A fundamental requirement for Rule 60 (b) (1) relief from a default judgment is the defendant’s satisfactory assertion of facts indicating the existence of a meritorious defense to the plaintiff’s claim. New England Allbank for Savings v. Rouleau, 28 Mass. App. Ct. 135, 142-143 (1989); Finkel v. Natale Rota, Inc., 19 Mass. App. Ct. 55, 57 (1984). A general or conclusory assertion of a defense not apparent on the record is ordinarily insufficient. The defendant
should submit affidavits or references to material produced in discovery that flesh out a bare-bones claim that the moving party can maintain a contest on the merits.
Tai v. Boston, 45 Mass. App. Ct. 220, 222 (1998).
While the defendant states in her brief that the plaintiffs $5,953.66 bill “on its face is grossly excessive and defies logic and common sense,” there are no facts in her affidavit which support this allegation. The defendant’s affidavit is in fact devoid of either an express denial that she is indebted to the plaintiff for any unpaid utility charges, or even a direct assertion that any outstanding balance she does owe is less than the amount claimed by the plaintiff. Indeed, the affidavit contains no clear, affirmative statement of any facts which would constitute a meritorious defense herein. Instead, in carefully couched language, the defendant’s affidavit merely insinuates that the plaintiffs $5,953.66 claim was a bill for electricity supplied solely to the one apartment on North Main Street which she previously occupied by herself, that her single apartment “was one of 11 in the building, and for a billing of this size there had to be some mistake.” Such unsupported insinuation did not rise to the level of uncontroverted facts in an affidavit which the judge was required to accept as true for the puipose of ruling on the defendant” s Rule 60 (b) (1) motion. See Farley v. Sprague, 374 Mass. 419, 424 (1978) .[2]The motion judge was free to consider both the 1994 waiver signed by the defendant and the account statement forwarded to her by plaintiff’s counsel. On the basis of those documents, the court could have properly concluded that the plaintiffs $5,953.66 claim represented the total amount of years of payment arrearages owed by the defendant on numerous delinquent accounts for electricity supplied to several properties, and not the grossly and patently mistaken monthly billing for one apartment’s electricity suggested by the defendant as a *93 defense to the plaintiff’s claim.[3]
3. It is unnecessary to address at length the defendant’s request for relief pursuant to Rule 60(b) (3) which permits a court, upon clear and convincing evidence, to vacate a judgment resulting from the “fraud, misrepresentation or other misconduct of the adverse party.” See J.W. SMITH & H.B. ZOBEL, RULES PRACTICE §60.9 at 478479 (1977). To be cognizable under Rule 60(b) (3), the opponent’s misconduct must be of the “most egregious” kind, Winthrop Corp. v. Lowenthal, 29 Mass. App. Ct. 180, 184 (1990), rising “to the level of a deliberate and calculated plan to use the judicial system in an unconscionable and fraudulent manner.” Pina v. McGill Develop. Corp., 388 Mass. 159, 168 (1983). In the instant case, plaintiff’s counsel gratuitously agreed, upon an informal, pre-discovery request by the defendant, to furnish documentary evidence substantiating the plaintiff’s claim, documentation which inferentially would already have been in the defendant’s possession in the form of monthly bills or statements previously received by her. He further agreed to postpone any additional action in the case until the documentation was provided. He in fact supplied the defendant with a statement of her account and, for all that appears in the record, was never contacted or informed by the defendant that she did not consider the statement to be adequate documentation. Plaintiff’s counsel then waited for more than a year for the defendant to file an answer until the case ultimately ran afoul of S.0.1-88 time standards. It was only at that point, with still no answer on file in the case, that counsel requested and obtained a default judgment against the defendant. It is obvious that the defendant’s request for Rule 60(b) (3) relief from judgment was properly denied.
Appeal dismissed.
So ordered.

 Despite her averment that she did not know who accepted service, the defendant was sufficiently informed about this action only two weeks after the sumiri' =ns was returned with service to contact plaintiffs attorney to request an extension of time for filing an answer to the complaint. In any event, the defendant has not argued lack of service of process as a basis for relief from judgment herein.

 Similarly, the defendant asserts on appeal that the Cromwell waiver was void because of fraud in the inducement or duress. These conclusory allegations are based on nothing more than the defendants averments that she was “unwilling” to sign the waiver, which the plaintiff insisted upon as a condition to, or consideration for, restoring electrical service after the defendant’s account defaults; and that the figures inserted by the plaintiff “could be in error, probably were....”

 While the denial of the defendant’s motion to vacate was warranted solely on the basis of her failure to demonstrate a meritorious defense, the motion judge could have also concluded: (1) that in delaying seven months after judgment before filing her motion, the defendant failed to act promptly to seek relief; (2) that as she was pro se, her failure to file an answer and the resulting default judgment were attributable to her own neglect rather than that of any attorney; (3) that the defendant’s mere assumption that the plaintiff’s lawsuit had gone away simply because plaintiff’s counsel, unaware of her dissatisfaction with the account statement, did not supply additional documentation, was not enough to render the defendant’s neglect excusable; and (4) that her failure to file an answer to the plaintiffs complaint was due either to simple carelessness or to a consciously chosen course of conduct designed to thwart, or at least delay, the plaintiff’s debt collection efforts. See Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 430-431 (1979).