Wright, J.
This is a Dist./Mun. Cts. R. A. D. A., Rule 8A, appeal of the denial of a motion to vacate a default judgment entered without service of process on the defendant-lessee.
The record indicates that in January of 1995, defendant Northeastern Environmental Services, Inc. leased from the plaintiff a storage unit in Acton, Massachusetts for a monthly rent of $1,200.00. The leased unit was utilized solely for equipment storage. Paragraph 29 of the 30 page lease stated: “Any notices required under this lease shall be in writing and delivered or mailed by registered or certified mail to Tenant at the premises....” Notwithstanding this provision, the plaintiff-lessor knew that the storage unit was neither manned, nor occupied, by agents or employees of the defendant. Equipment was merely picked up or returned to storage as the defendant’s business projects required.
In April, 2002, the plaintiff issued a notice to quit to the defendant by forwarding copies by certified mail, return receipt requested, to the Dover, Massachusetts home and work addresses of Richard Waterhouse (‘Waterhouse”), the defendant’s president and treasurer. Plaintiff’s attorney received signed receipts *9 for this certified mail. Waterhouse did not contact the plaintiff about the notice to quit.
The plaintiff began eviction proceedings in May. On May 9, 2002, plaintiffs counsel directed a deputy sheriff to serve a summary process complaint and summons on the defendant at the leased premises. Not surprisingly, the sheriffs subsequent return indicated that neither the defendant, nor his agent or attorney, could be found at the unmanned storage unit in Acton, and the writ was returned without service on May 13, 2002. In an “affidavit of service” signed on May 16, 2002, plaintiffs counsel stated that she forwarded copies of the complaint and summons to Waterhouse at his Dover home and work addresses by certified mail, return receipt requested. Both envelopes were returned as unclaimed to plaintiffs counsel.
This summary process action was then filed on May 20, 2002. Despite the lack of any proof of service or of even attempted compliance with the requirements of Mass. R. Civ. R, Rule 4(d), the defendant was defaulted when the case was called for trial on May 30, 2002. A default judgment in favor of the plaintiff-lessor for possession, $18,100.00 in unpaid rent and $2,500.00 in attorney’s fees was entered on the same date. On June 7, 2002, the defendant’s copy of the judgment was returned to the trial court as undeliverable, undoubtedly because the address listed for the defendant on the plaintiff’s summary process complaint was that of the unoccupied storage unit. Execution was issued on June 10, 2002.
The record does not disclose who sent a copy of the default judgment by regular mail to Waterhouse at his home address. In any event, the defendant’s emergency motion to vacate judgment and Waterhouse’s supporting affidavit were filed immediately after receipt of the judgment copy. Both the motion and affidavit, which was unrebutted, see Farley v. Sprague, 374 Mass. 419, 424 (1978), stated that the defendant was never served pursuant to Rule 4(d) and had no notice of the plaintiff’s summary process action until after entry of the default judgment. The defendant’s motion was denied after hearing on June 25, 2002, and this appeal followed.
There is no principle more basic than that which requires
service of process ... [to] be effected before personal jurisdiction over the defendant is obtained [citations omitted]. Elementary constitutional safeguards mandate such service, for even minimum due process entails notice and an opportunity to be heard [citations omitted]. Where, as in the instant case, such fundamental constitutional guarantees are overlooked, any judgment rendered is void.
Carroll v. DeMoulas Super Markets, Inc., 1987 Mass. App. Div. 163, 165 and cases cited. The methods for effecting service of process on a domestic corporation in this Commonwealth are prescribed by Mass. R. Civ. R, Rule 4(d). Pursuant to this uncomplicated rule, plaintiff’s counsel could have directed the deputy sheriff to deliver a copy of the summons and complaint “to an officer, to a managing or general agent, or to the person in charge of the [defendant’s] business at the principal place of business thereof within the Commonwealth if any....” Mass. R. Civ. R, Rule 4(d). Not even the plaintiff suggests that the Acton storage unit to which the deputy sheriff was sent was the defendant’s “principal place of business” in Massachusetts. Nor, as indicated, was any officer or agent of the defendant present at that location. Alternatively, the plaintiff could have effected service “by delivering [the summons and complaint] to any other agent authorized by appointment or by law to receive such service....” Mass. R. Civ. R, Rule 4(d). Plaintiff’s counsel was aware of both the home and work address of Water-house and could have easily directed the deputy sheriff to serve him at one of *10 those locations. No attempt to do so was made.[2]
In short, the plaintiff failed to serve the defendant. The plaintiffs argument that such failure is irrelevant because the defendant had actual notice of the summary process action is unsupported by the record, contrary to the defendant's unchallenged affidavit, and so lacking in merit as to be frivolous. Waterhouse received only the notice to quit, which was issued prior to the filing of any action by the plaintiff. As Waterhouse never received the summary process summons and complaint, the defendant never had notice of the action itself, the damages and other relief claimed by the plaintiff and, most significantly, the date, time and location of trial. Waterhouse was under no legal obligation to claim certified mail from the plaintiff or anyone else. Further, Waterhouse continued to live and work at the same addresses, which were known to the plaintiff. Under such circumstances, his simple failure to pick up his mail could not be rationally viewed as anything approaching what the plaintiff claims was evasion of service.
In the absence of any service of process or actual notice herein, the trial court lacked personal jurisdiction over the defendant and the default judgment it entered was void. Konan v. Carroll, 37 Mass. App. Ct. 225, 229 (1994); The Cadle Co. v. Rowe, 2000 Mass. App. Div. 49, 50; Nunez v. U-Haul Co. of Nevada, Inc., 1998 Mass. App. Div. 27, 29. The defendant’s motion to vacate that void judgment was one for relief pursuant to Mass. R. Civ. R, Rule 60 (b) (4). Contrary to the plaintiffs principal contention on this appeal, a Rule 60(b) (4) motion is not addressed to the trial court’s discretion. Colley v. Benson, Young & Downs Ins. Agency, Inc., 42 Mass. App. Ct. 527, 532 (1997); Dombrowski v. Chute, 2000 Mass. App. Div. 127, 128. The defendant was entitled to Rule 60(b) (4) relief from the default judgment as a matter of law.
Accordingly, the denial of the defendant’s motion to vacate judgment is reversed, the default judgment is vacated, and the action is dismissed for lack of jurisdiction.
So ordered.

 The plaintiffs contention that mailing the summons and complaint to Waterhouse constituted proper service on the defendant under Rule 4(d) is, of course, erroneous. Nor is it necessary to address at any length the suggestion made by plaintiffs counsel at oral argument that the summons and complaint mailing satisfied service of process requirements under Paragraph 29 of the lease. First, the plaintiff did not comply with Paragraph 29, which calls for certified mail notice to the defendant at the leased premises. Second, Paragraph 29 deals solely with notices required by the lease. There is nothing in that contractual provision which would render it applicable to service of process or any other notice required by law. Nor can that provision be read in any reasonable way as a waiver by the defendant of his legal right to proper service of process.